| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| GREGORIA RIVERA TORRES<br>**Apelante**<br><br>V.<br><br>MUNICIPIO DE MOROVIS<br>**Apelado** | KLAN202400211 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil. Núm.<br>C DP2017-0184<br><br>Sobre:<br>CAÍDAS |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de mayo de 2024.

El 4 de marzo de 2024, la Sra. Gregoria Rivera Torres (señora Rivera) y su hija, la Sra. Isabel Hernández Rivera (señora Hernández o en conjunto, las apelantes) comparecieron ante nos mediante un recurso de *Apelación* y solicitaron la revisión de una *Sentencia* que se emitió el 11 de enero de 2024 y se notificó el 16 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Mediante el aludido dictamen, el TPI resolvió que procedía el desistimiento del presente caso, con perjuicio, al amparo de la Regla 39.1(b) de Procedimiento Civil, 32 LPRA Ap. V., R. 39.1(b). De igual forma, determinó que la *Sentencia* se dictaría sin especial imposición de costas ni honorarios de abogado.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

I.

El 14 de diciembre de 2017, las apelantes presentaron una *Demanda* sobre daños y perjuicios en contra del Municipio de

Morovis (Municipio o apelado) y otros.[1] En esta, la señora Rivera alegó que por negligencia del Municipio sufrió una caída en el baño del Centro de Bellas Artes del municipio de Morovis por lo que reclamó una indemnización de $300,000.00 por concepto de daños físicos y $100,000.00 por concepto de daños y angustias mentales que sufrió su hija, la señora Hernández a raíz de su accidente.

En respuesta, el 14 de febrero de 2018, el Municipio y QBE Seguros presentaron una *Contestación a la Demanda* y negaron las alegaciones en su contra y presentaron sus respectivas defensas afirmativas.[2] Conforme a la *Minuta* de una vista que se celebró el 2 de diciembre de 2020, el procedimiento de descubrimiento de prueba culminó a finales del año 2020.[3] Así pues, luego de que las partes notificaron que había finalizado el descubrimiento de prueba, el TPI señaló el juicio en su fondo para el 8 y 9 de junio de 2021 mediante videoconferencia.[4] Sin embargo, el día antes de que se celebrara la vista, la parte apelante presentó una *Moción Solicitando Suspensión* mediante la cual informó que la señora Rivera tuvo que ser trasladada provisionalmente a la residencia de su hija, la señora Hernández, en Nueva York y por tal razón, se veían forzados a solicitar la suspensión del juicio en su fondo.[5]

Ante el referido asunto y unas situaciones de salud que enfrentó la señora Rivera, el juicio en su fondo se reséñalo para el 9 de marzo de 2022.[6] Sin embargo, ese día, la representación legal de la señora Rivera informó que esta última no estaba capacitada para testificar en el juicio.[7] Ante ello, tuvieron que reseñalar el juicio en su fondo para el 26 y 27 de octubre de 2022.[8] Finalmente, el juicio

---

[1] Véase, págs. 1-3 del apéndice del recurso.
[2] Íd., págs. 4-9.
[3] Véase, págs. 125-127.
[4] Íd.
[5] Íd., págs. 145-146.
[6] Íd., págs. 177-179.
[7] Íd., págs. 193-194.
[8] Íd.

en su fondo se celebró el 7 de septiembre de 2023.[9] De la *Minuta* de esta vista surge que, durante la celebración del juicio, la representación legal de las apelantes intentó presentar una prueba documental relacionada a un expediente médico de la señora Rivera, pero el TPI no lo permitió. Ello, ya que esa prueba no fue admitida en evidencia como parte de la prueba documental estipulada por las partes y no cumplía con las reglas de autenticidad y de prueba de referencia.

Luego de la determinación en cuanto a la admisibilidad de la referida prueba, la representación legal de la señora Rivera informó que la parte apelante había decidido desistir del pleito sin perjuicio. Ello, a pesar de que el TPI le ofreció a la parte apelante que continuara con la presentación de su prueba. La representación legal del Municipio se opuso a que el desistimiento fuese sin perjuicio en esta etapa el pleito. Esta solicitud fue atendida por el TPI en corte abierta y el juez que presidió el juicio indicó que había que tomar en consideración que el juicio había comenzado y que en esta etapa de los procedimientos no podía ordenar el desistimiento del pleito sin perjuicio. La parte apelante pidió reconsideración y esta se denegó.

Posteriormente, el 11 de enero de 2024, el TPI emitió una *Sentencia* mediante la cual atendió la solicitud de desistimiento de la parte apelante.[10] Luego de evaluar las posturas de ambas partes y el derecho aplicable resolvió lo siguiente:

> Analizado el derecho aplicable antes expuesto es forzoso concluir que procede el desistimiento de este caso, CON PERJUICO. Es improcedente permitir que un pleito, de más de seis años de presentado y luego de un extenso descubrimiento de prueba, sea desistido SIN PERJUICIO ante una determinación adversa tomada en Corte Abierta en cuanto a una controversia de derecho probatorio. Han sido seis años de litigio en los que se ha mantenido a la parte demandada incurriendo en gastos propios del proceso judicial. Es preciso

---

[9] Íd., págs. 276-284.
[10] Véase, págs. 40-47.

puntualizar que en este caso la parte demandante, además de contar con dos representantes legales, también estuvo representada por un defensor judicial ante su estado de salud. En fin, este Tribunal reitera la determinación que adelantó en Corte Abierta. Procede el desistimiento de este caso, CON PERJUICIO, al amparo de la Regla 39.1 (b) de Procedimiento Civil, 32 LPRA Ap. V.

En desacuerdo con esta determinación, el 31 de enero de 2024, las apelantes presentaron una *Solicitud de Reconsideración.*[11] El 1 de febrero de 2024, el TPI emitió una *Resolución* que se notificó el 2 de febrero de 2024 en la cual declaró No Ha Lugar la *Solicitud de Reconsideración.*[12] Aún inconforme, el 4 de marzo de 2024, las apelantes presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

**El Tribunal de Primera Instancia determinó que el expediente de Healthsouth no era admisible, a pesar de que era un documento estipulado por las partes.**

**El Tribunal de Primera Instancia archivó con perjuicio la causa de acción de la apelante, a pesar de que la solicitud fue que el archivo fuera sin perjuicio, y concederlo no le causaba daño alguno a la parte apelada.**

Atendido el recurso, el 12 de marzo de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 4 de abril de 2024 para presentar su alegato en oposición. Oportunamente, el Municipio y Optima Seguros presentaron un *Alegato en Oposición a Apelación* y negaron que el TPI cometiera los errores que las apelantes le imputaron.

Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

El desistimiento es una declaración de voluntad que realiza la parte que instó un pleito mediante la cual expresa que desea abandonar la causa de acción durante el proceso que se encuentra

---

[11] Íd., págs. 48-53.
[12] Íd., pág. 61.

pendiente. J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. En nuestro ordenamiento jurídico, la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 39.1, expone las distintas maneras para desistir a las reclamaciones judiciales. Particularmente, esta lee como sigue:

(a) *Por el demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

Como podemos observar, conforme al inciso (a) de la citada Regla, el desistimiento está limitado a dos instancias, a saber, (1) cuando el demandante presenta un aviso de desistimiento previo a la contestación de la demanda o una moción solicitando sentencia sumaria, cualquiera de éstas que se notifique primero y (2) cuando se presenta una estipulación de desistimiento firmada por todas las partes del pleito. En estas dos instancias, como regla general, los desistimientos serán sin perjuicio. Sin embargo, a modo de excepción, un desistimiento bajo el inciso (a)(1), será con perjuicio y

en adjudicación a sus méritos cuando el demandante ha desistido en otro pleito basado o que incluya la misma reclamación en otro Tribunal General de Justicia, o en algún otro Tribunal Federal o de cualquier estado de Estado Unidos de América.

De otra parte y en lo que nos concierne, el inciso (b) de la Regla 39.1, *supra*, atiende aquellas instancias que no cubre el inciso (a) de la referida Regla. En este caso, para solicitar el desistimiento, la parte demandante debe presentar una moción ante el TPI la cual debe notificarle a todas las partes que han comparecido ante el foro. Íd. El Tribunal tendrá discreción judicial para terminar el litigio e imponer las condiciones que estime pertinente. Íd. **Como parte de esta discreción judicial el TPI puede determinar que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado.** (Énfasis suplido) *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277, 287 (2021). En los casos en que se acepte el desistimiento y no se especifique si fue con perjuicio, el desistimiento será sin perjuicio. Regla 39.1 (b) de Procedimiento Civil, *supra*. **Mientras más adelantado esté el proceso del pleito, más difícil será obtener el desistimiento sin perjuicio y sin penalidad.** (Énfasis suplido) J. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Publicaciones JTS, 1979, Vol. II, pág. 204.

III.

En su primer señalamiento de error, las apelantes argumentaron que erró el TPI a determinar que el expediente del récord médico de la señora Rivera de Healthsouth no era admisible, a pesar de que era un documento estipulado por las partes. Por otro lado, en su segundo señalamiento de error impugnó la determinación del TPI de archivar con perjuicio la presente causa de acción a pesar de que la solicitud fue que el archivo del caso fuese sin perjuicio.

Por su importancia para disponer del recurso ante nos, comenzaremos con la discusión del segundo señalamiento de error. La Regla 39.1(b) de Procedimiento Civil, *supra,* faculta al TPI a imponer condiciones a un desistimiento cuando este sea por orden del Tribunal. Particularmente, el Tribunal Supremo estableció que como parte de la discreción judicial que posee el TPI, ese foro puede determinar que, el desistimiento sea con perjuicio. *Pagán Rodríguez v. Rivera Schatz, supra,* pág. 287. Sobre este asunto, se ha dicho que mientras más adelantado esté el pleito, más difícil será obtener un desistimiento sin perjuicio ni penalidad. Cuevas Segarra, *op. cit.,* pág. 204.

En virtud de lo antes expuesto, podemos concluir que el caso de autos se encontraba en una etapa propicia a que un desistimiento se decretara con perjuicio, a pesar de que la parte apelante solicitó que fuese sin perjuicio. Hacemos énfasis en que el caso lleva aproximadamente seis (6) años en litigación, se condujo un extenso descubrimiento de prueba, la apelante no testificaría en el juicio debido a sus condiciones de salud, y el juicio en su fondo ya había comenzado tras múltiples retrasos. Por estas razones, es más que evidente que el TPI actuó en un sano ejercicio de su discreción al decretar el desistimiento con perjuicio. Por lo tanto, no se cometió este error.

Por último, ya que la apelante desistió del pleito y el TPI lo decretó con perjuicio, no cabe entrar en los méritos del primer señalamiento de error, sobre la admisibilidad del récord médico de la señora Rivera. No cabe discutir una controversia sobre admisibilidad de prueba cuando ya está claro que la parte no continuará con el pleito.

IV.

Por los fundamentos antes expuestos, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones